In the Matter of NOAH ROTWEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 25, 1946.

*Einar Chrystie* for petitioner.

*Arthur C. Mandel* for respondent.

*Per Curiam.* Nine serious charges of professional misconduct were filed against the respondent. After a full hearing, an official referee appointed by this court has reported that the charges have been fully established by a preponderance of the credible evidence.

The respondent was retained by nine clients who sought to defeat claims made against them by loan companies from which they had borrowed money. In each case he was paid a fee, generally one half of the amount due and owing on the loan. He agreed in writing with three of the clients and orally with the other six that if not successful he would return the fee received by him. The respondent was not successful but in violation of his agreement he failed to reimburse his clients. After complaint had been made to the Association of the Bar of the City of New York, several clients received part of their fees from the respondent's brother but the others have not been repaid.

The evidence also discloses that the respondent accepted fees in several of the cases after a decision had been rendered by the Court of Appeals holding untenable a defense he intended to interpose.

In addition, the record establishes that the respondent grossly neglected the interests of the nine clients named in this proceeding, and permitted judgments by default to be entered against a number of them. As a result of the respondent's neglect, his clients lost the opportunity to settle their actions and thus avoid the entry of judgments for the balance due on the loans and for costs and disbursements.

The official referee has reported that the respondent was not " frank " in giving his testimony, was " evasive," made " false statements under oath " and gave " false testimony." He also reported that " Not a single mitigating circumstance " was presented in connection with the misconduct of the respondent.

The evidence fully sustains the finding of the referee. The respondent is unworthy of membership in the legal profession.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Respondent disbarred.